```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


KEVIN KERR AND DEBORAH KERR        )
a/k/a DEBORAH WITT, et al.,        )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      No. 4:10 CV 1645 DDN
                                   )
ACE CASH EXPERTS, INC.,[1]         )
                                   )
            Defendant.             )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of plaintiffs Kevin and Deborah Kerr, and others similarly situated, to remand. (Doc. 18.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 11.)

**I.  BACKGROUND**

On July 27, 2010, plaintiffs Kevin and Deborah Kerr commenced this action in the Circuit Court of St. Charles County, Missouri, on behalf of themselves and a class of similarly situated persons. (Doc. 6.) Ace Cash Experts (ACE) removed the case to this court pursuant to 28 U.S.C. § 1441, relying on jurisdiction under the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005), and diversity jurisdiction, 28 U.S.C. § 1332(a). (Doc. 1.)

According to the complaint, defendant is in the business of providing personal loans, and plaintiffs are customers of defendant. (Doc. 6 at ¶¶ 1-8.) Plaintiffs allege that defendant charged them unlawfully high interest rates and designed their loans such that they would be unable to exercise the maximum number of loan renewals allowed

---

[1] Plaintiffs name Ace Cash Experts, Inc. as the defendant in the caption of their complaint, but refer to defendant as Ace Cash Express, Inc. in the body of their complaint. (Doc. 6.) Until clarified by the parties and ordered otherwise by the court, Ace Cash Experts, Inc. will be shown as the named defendant.

under Missouri law, thereby trapping them into long-term debt. (Id. at ¶¶ 5-6, 8, 10-11.)

In Count I of their complaint, plaintiffs allege defendant violated the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. §§ 407.010, et seq. (Doc. 6 at ¶¶ 58-68.) In Count II, plaintiffs allege defendant violated Mo. Rev. Stat. § 408.500.6 by limiting their right to request renewals of their payday loans from six requests, as protected by statute, to three requests. (Id. at ¶¶ 69-81.) In Count III, plaintiffs allege that defendant violated Mo. Rev. Stat. §§ 408.500.6, 408.505.3, by charging an interest rate greater than the maximum allowed by Missouri law. (Id. at ¶¶ 82-91.) In Count IV, plaintiffs allege that defendant violated Mo. Rev. Stat. § 408.500.6 by failing to reduce the principal amounts of their loans by at least 5 percent. (Id. at 15-16, ¶¶ 1-10.) In Count V, plaintiffs allege that defendant failed to fully and adequately consider their ability to repay their loans, as required by Mo. Rev. Stat. § 408.500.7. (Id. at 16-17, ¶¶ 11-17.)

## II. MOTION TO REMAND

Plaintiffs argue that defendant has not established that the amount in controversy exceeds $5,000,000, exclusive of interest and costs, as required by CAFA. Plaintiffs argue that the class likely includes between 33,000 and 100,000 individuals, each sustaining an average of $18 in damages. Plaintiffs argue that even with attorneys fees and punitive damages, their recovery would only be $3,160,000. (Doc. 18.)

Defendant responds that "the difference between the interest and fees actually charged and the interest and fees that would have been paid at the lower rate that [p]laintiffs contend should have been charged far exceeds $5[,000,000]." Defendant argues that plaintiffs did not consider that each individual had more than one loan with it, resulting in hundreds of thousands of transactions, or the addition of punitive damages and attorneys fees. (Doc. 25.)

In their reply brief, plaintiffs state only that they were unaware of the information contained in defendant's response when they filed the motion. Plaintiffs do not challenge defendant's contentions. (Doc. 29.)

## III. DISCUSSION

If a district court has original jurisdiction over a civil action, that case may be removed from the state court to the district court. 28 U.S.C. § 1441(a). One source of original jurisdiction, CAFA, "grants broad federal jurisdiction over class actions" with only narrow exceptions. Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010). For a federal court to have jurisdiction under CAFA, (1) the amount in controversy must exceed $5,000,000 in the aggregate; (2) there must be minimal diversity among the parties; and (3) there must be at least 100 members in the class. Id.; 28 U.S.C. § 1332(d).

"Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." Westerfeld, 621 F.3d at 822. Specifically, the removing party must prove by a preponderance of the evidence that the amount in controversy is satisfied. Bell v. Hershey Co., 557 F.3d 953, 959 (8th Cir. 2009). In applying the preponderance standard, "[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are. . . ." Id. (citation omitted) (alterations in original). Once this showing is made, remand is appropriate only if the party seeking remand can establish that it is "legally impossible" to recover more than $5,000,000. Id.

Even if plaintiffs' are correct that their damages total $1,800,000, or even only $594,000, similar amounts have been held to satisfy the amount in controversy requirement in similar cases because of the potential for punitive damages and attorneys fees. See Brown v. City Chevrolet, LLC, No. 09 0642 CV W GAF, 2009 WL 3485833, at *1 (W.D. Mo. Oct. 28, 2009) (damages of $1,004,009 for a MMPA violation satisfied amount in controversy, given the potential 3.98:1 punitive damage ratio and reasonable attorneys fees); Bass v. Carmax Auto Superstores, Inc., No. 07 0883 CV W ODS, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008) (damages of $658,431 for a MMPA violation satisfied amount in controversy, given the potential 6.7:1 punitive damage ratio and reasonable attorneys fees). Plaintiffs also do not stipulate that their damages will not exceed $5,000,000. Blake v. Career Educ. Corp., No.

4:08 CV 821 ERW, 2008 WL 4151795, at *3 (E.D. Mo. Sept. 4, 2008) (weighing the fact that the plaintiffs did not make such a stipulation).

In addition, defendant has proffered evidence that it made 205,352 total loans in Missouri during the applicable time period. (Doc. 26.) Applying plaintiffs' damage assessment of $18 per transaction, plaintiffs' aggregate damages would be $3,696,336, which after adding potential punitive damages and attorneys fees, is sufficient to satisfy the requisite amount in controversy. See Brown, 2009 WL 3485833, at *1; Thornton v. DFS Servs., LLC, No. 4:09 CV 1040 SNLJ, 2009 WL 3253836, at *1-2 (E.D. Mo. Oct. 9, 2009); Bass, 2008 WL 441962, at *2.

Defendant also argues that plaintiffs' damages could be as high as $9,312,401, based on its calculation that it collected $24,833,069 of relevant interest and fees, and that plaintiffs alleged it charged proportionally 62.5 percent too much. (Doc. 25.) Plaintiffs do not challenge defendant's argument. (Doc. 29.)

In sum, defendant has established by a preponderance of the evidence that the jurisdictional amount in controversy exceeds $5,000,000, and plaintiffs have not proven that it is legally impossible for them to recover that amount.

### IV. CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the motion of plaintiffs Kevin and Deborah Kerr to remand (Doc. 18) is denied.

**IT IS FURTHER ORDERED** that the motion of defendant ACE Cash Experts, Inc. for leave to file a sealed document (Doc. 24) is sustained.

**IT IS FURTHER ORDERED** that the motion of plaintiffs Kevin and Deborah Kerr for leave to file a sealed document (Doc. 30) is sustained.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 14, 2010.